No. 23-2408

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL HENRY, | ) | Appeal from the United States |
| | ) | District Court for the Central |
| Plaintiff-Appellant, | ) | District of Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE MARY ELLEN COGHLAN; | ) | |
| CHIEF JUDGE TIMOTHY C. EVANS; | ) | |
| JUDGE SOPHIA H. HALL; JUDGE | ) | |
| MICHAEL B. HYMAN; JUDGE | ) | No. 3:22-cv-03239-CRL-KLM |
| KERRY M. KENNEDY; JUDGE | ) | |
| TERRANCE J. LAVIN; JUDGE MARY | ) | |
| KATHLEEN MCHUGH; JUDGE | ) | |
| THOMAS W. MURPHY; JUDGE | ) | |
| LOUIS MICHAEL NIXON; JUDGE | ) | |
| AURELIA PUCINSKI; JUDGE ALLEN | ) | |
| P. WALKER; JUDGE KENNETH | ) | |
| WRIGHT, JR.; CHIEF JUSTICE | ) | |
| MARY JANE THEIS, | ) | The Honorable |
| | ) | COLLEEN R. LAWLESS, |
| Defendants-Appellees. | ) | Judge Presiding. |

## BRIEF OF DEFENDANTS-APPELLEES

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

**FRANK H. BIESZCZAT**
Assistant Attorney General
115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov

115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-3312

Attorneys for Defendants-Appellees

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES................................................................................................ ii

JURISDICTIONAL STATEMENT.................................................................................... 1

ISSUES PRESENTED FOR REVIEW ............................................................................ 3

STATEMENT OF THE CASE ........................................................................................... 4

SUMMARY OF ARGUMENT ........................................................................................... 7

ARGUMENT ......................................................................................................................... 8

   I.   This court reviews the dismissal of a plaintiff's action *de novo*. .......................... 8

   II.  This court should affirm the dismissal of Henry's action for failure to state a
       claim even though the district court concluded that *Younger* abstention
       should apply............................................................................................................. 8

   III. The district court correctly concluded that Henry failed to state a claim on
       which relief may be granted. ................................................................................ 10

     A.  Henry's request for money damages was foreclosed by judicial immunity
         because he alleged that defendants acted unlawfully while performing
         their official judicial duties. ............................................................................. 10

     B.  Henry could not obtain injunctive relief under section 1983 because
         defendants did not violate a declaratory decree and declaratory relief was
         not unavailable. ................................................................................................. 13

   IV. The district court correctly concluded that the *Younger* abstention doctrine
       applied to Henry's action. .................................................................................... 14

   CONCLUSION ......................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alternate Fuels, Inc. v. Dir. of Ill. E.P.A.,*
   215 Ill. 2d 219 (2004) ...................................................................... 14

*Atkins v. Gilbert,*
   52 F.4th 359 (7th Cir. 2022) .......................................................... 12

*Beahringer v. Page,*
   204 Ill. 2d 363 (2003) ...................................................................... 14

*Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,*
   199 Ill. 2d 325 (2002) ...................................................................... 13

*Blount v. Stroud,*
   232 Ill. 2d 302 (2009) ...................................................................... 12

*Boim v. Am. Muslims for Palestine,*
   9 F.4th 545 (7th Cir. 2021) ............................................................ 9

*Bovee v. Broom,*
   732 F.3d 743 (7th Cir. 2013) .......................................................... 2

*Brunson v. Murray,*
   843 F.3d 698 (7th Cir. 2016) .......................................................... 11

*Cnty. of McHenry v. Ins. Co. of the West,*
   438 F.3d 813 (7th Cir. 2006) .......................................................... 18

*Collins v. Kendall Cnty.,*
   807 F.2d 95 (7th Cir. 1986) ............................................................ 17

*Crenshaw v. Sup. Ct. of Ind.,*
   170 F.3d 725 (7th Cir. 1999) .......................................................... 17

*Dawson v. Newman,*
   419 F.3d 656 (7th Cir. 2005) .......................................................... 10

*Dhakal v. Sessions,*
   895 F.3d 532 (7th Cir. 2018) .......................................................... 8

*Duvall v. Cnty. of Kitsap*,
  260 F.3d 1124 (9th Cir. 2001) ........................................ 12

*Ewell v. Toney*,
  853 F.3d 911 (7th Cir. 2017) ......................................... 15

*Facebook, Inc. v. Duguid*,
  141 S. Ct. 1163 (2021) ................................................. 5

*File v. Martin*,
  33 F.4th 385 (7th Cir. 2022) ....................................... 13-14

*Forrester v. White*,
  484 U.S. 219 (1988) .................................................. 11

*Herrera v. City of Palmdale*,
  918 F.3d 1037 (9th Cir. 2019) ....................................... 16

*Huffman v. Pursue, Ltd.*,
  420 U.S. 592 (1975) ........................................... 6, 15, 16

*J.B. v. Woodard*,
  997 F.3d 714 (7th Cir. 2021) ....................................... 9, 15

*John v. Barron*,
  897 F.2d 1387 (7th Cir. 1990) ....................................... 12

*Kowalski v. Boliker*,
  893 F.3d 987 (7th Cir. 2018) ........................................ 11

*Lewert v. P.F. Chang's China Bistro, Inc.*,
  819 F.3d 963 (7th Cir. 2016) ......................................... 9

*Mireles v. Waco*,
  502 U.S. 9 (1991) ................................................... 10

*Mulholland v. Marion Cnty. Election Bd.*,
  746 F.3d 811 (7th Cir. 2014) ........................................ 17

*Myrick v. Greenwood*,
  856 F.3d 487 (7th Cir. 2017) ........................................ 10

*Nutraceutical Corp. v. Lambert*,
  139 S. Ct. 710 (2019) ................................................. 2

*Obriecht v. Raemisch*,
  517 F.3d 489 (7th Cir. 2008) ............................................... 2

*Pierson v. Ray*,
  386 U.S. 547 (1967) ............................................................ 11

*Pincham v. Ill. Jud. Inquiry Bd.*,
  872 F.2d 1341 (7th Cir. 1989) ............................................ 17

*Pulliam v. Allen*,
  466 U.S. 522 (1984) ............................................................ 13

*Reardon v. Danley*,
  74 F.4th 825 (7th Cir. 2023) ............................................... 14

*Remijas v. Neiman Marcus Grp., LLC*,
  794 F.3d 688 (7th Cir. 2015) ................................................ 1

*Schiedler v. Indiana*,
  914 F.3d 535 (7th Cir. 2019) ............................................... 18

*Sherwood v. Marchiori*,
  76 F.4th 688 (7th Cir. 2023) ................................................. 8

*Siddique v. Laliberte*,
  972 F.3d 898 (7th Cir. 2020) ........................................... 12, 17

*SKS & Assocs., Inc. v. Dart*,
  619 F.3d 674 (7th Cir. 2010) ............................................... 15

*Stump v. Sparkman*,
  435 U.S. 349 (1978) ......................................................... 11, 12

*Sweeney v. Bartow*,
  612 F.3d 571 (7th Cir. 2010) ............................................... 15

*Wonsey v. City of Chi.*,
  940 F.3d 394 (7th Cir. 2019) ............................................... 12

*Younger v. Harris*,
  401 U.S. 37 (1971) ..................................................... 10, 16, 19

**Statutes**

28 U.S.C. § 1291 ..................................................................................... 2

28 U.S.C. § 1331 ..................................................................................... 1

28 U.S.C. § 2107(a) ................................................................................ 2

42 U.S.C. § 1983 ................................................................................. 1, 4

47 U.S.C. § 227(c)(5)(A) ......................................................................... 4

Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c) .................. 13

Ill. Const. art. VI, § 9 ......................................................................... 12

65 ILCS 5/11-60-2 .............................................................................. 4, 16

205 ILCS 5/48(10) ................................................................................. 18

205 ILCS 620/5-8 ................................................................................. 18

625 ILCS 5/18c-2401(1) ........................................................................... 18

P.A. 103-0005 (eff. June 6, 2023) ............................................................... 18

**Other Authorities**

Fed. R. App. P. 4(a)(4)(A)(iv) .................................................................... 2

Fed R. Civ. P. 12 ............................................................................. 1, 5, 8

Fed. R. Civ. P. 58 .................................................................................. 2

Fed. R. Civ. P. 59(e) .............................................................................. 2

7th Cir. R. 28(b) ................................................................................... 1

47 C.F.R. § 64.1200(b) ............................................................................. 4

Orland Park Vill. Code § 6-2-2 .................................................................... 4

Orland Park Vill. Code § 6-2-3 .................................................................... 4

Orland Park Vill. Code § 8-6-1-1 ........................................................................... 4

## JURISDICTIONAL STATEMENT

The jurisdictional statement of Plaintiff-Appellant Michael Henry is not complete and correct. Defendants-Appellees Judges Mary Ellen Coghlan, Sophia H. Hall, Michael B. Hyman, Kerry M. Kennedy, Terrance J. Lavin, Mary Kathleen McHugh, Thomas W. Murphy, Louis Michael Nixon, Aurelia Pucinski, Allen P. Walker, and Kenneth Wright, Jr.; Chief Judge Timothy C. Evans; and Chief Justice Mary Jane Theis provide this statement as required by 7th Cir. R. 28(b).

Henry filed a complaint in the district court under 42 U.S.C. § 1983 claiming that defendants violated the Supremacy Clause and Fourteenth Amendment to the United States Constitution, and seeking both monetary and injunctive relief. Doc. 1.[1] The district court had subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it raised federal questions.

On June 22, 2023, the district court dismissed Henry's action under Fed R. Civ. P. 12, Doc. 10, thereby disposing of all claims against all parties. Although the court ruled that the *Younger* abstention doctrine applied, *id.* at 6-9, it proceeded to dismiss Henry's claims for failure to state a claim on which relief may be granted, *id.* at 9-15, which is a dismissal with prejudice, *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015). But even if the district court had declined to exercise jurisdiction over Henry's action, such a dismissal would be final for purposes

---

[1] The record on appeal, which consists of the district court docket, is cited as "Doc. __." Citations to text entries on the district court docket are cited as "Text Or.," and preceded by the date. Henry's opening brief on appeal is cited as "AT Br. __," and the appendix to that brief is not cited here because the pages of the appendix are not separately numbered.

of appeal.  *See Bovee v. Broom*, 732 F.3d 743, 743-44 (7th Cir. 2013) (this court has appellate jurisdiction over dismissal by district court for lack of jurisdiction).  That same day, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58.  Doc. 11.

Henry filed several post-judgment motions on June 27, June 28, July 3, and July 5, 2023, Docs. 12, 14, 16-17, 19, which should be construed as having been filed under Fed. R. Civ. P. 59(e) because all were filed within 28 days of the judgment and challenged the correctness of the judgment.  *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (any motion that substantively challenges judgment and was filed within time for filing a Rule 59 motion should be treated as based on Rule 59).  The filing of those motions therefore rendered the judgment nonfinal for purposes of an appeal, causing the time for filing a notice of appeal to run from the entry of the order disposing of those motions.  *See* Fed. R. App. P. 4(a)(4)(A)(iv); *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019).  On July 12, 2023, the district court denied all of Henry's post-judgment motions.  Text Or. 7/12/23.

On July 17, 2023, Henry filed a notice of appeal, Doc. 20, which was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(4)(A)(iv) because it was filed within 30 days of the order disposing of Henry's timely post-judgment motions.  This court has jurisdiction over Henry's appeal from a final judgment under 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

1.      Whether the district court correctly dismissed Henry's claim for monetary relief as barred by judicial immunity because Henry challenged acts that defendants had taken in their judicial capacity.

2.      Whether the district court correctly dismissed Henry's claim for injunctive relief because such relief was not available under section 1983.

3.      In the alternative, whether the district court correctly concluded that the *Younger* abstention doctrine applied to Henry's action.

## STATEMENT OF THE CASE

In January 2020, the Village of Orland Park ("Village") filed a complaint in the Circuit Court of Cook County, Illinois, alleging that Henry and unknown defendants were responsible for illegal robocalls that were made to Village residents since April 2018.  Doc. 1-1 at 4-5.  The Village asserted claims for:  (1) a public nuisance under the Orland Park Village Code ("Village Code"), *see* Orland Park Vill. Code §§ 6-2-2 (declaration of public nuisances), 6-2-3 (abatement); 65 ILCS 5/11-60-2 (authorizing municipalities to "define, prevent, and abate nuisances"); (2) a common law public nuisance; (3) disorderly conduct under the Village Code, *see* Orland Park Vill. Code § 8-6-1-1; and (4) a violation of the Telephone Consumer Protection Act, *see* 47 U.S.C. § 227(c)(5)(A); 47 C.F.R. § 64.1200(b)(1), (2).  Doc. 1-1 at 5-11.[2]

In November 2022, while the state court action was pending, Henry filed this action in the district court under 42 U.S.C. § 1983 against several Illinois circuit and appellate court judges and the Chief Justice of the Illinois Supreme Court.  Doc. 1. He claimed that defendants were violating his due process rights and the Supremacy Clause by failing to apply United States Supreme Court precedent in the pending state court action.  *Id.* at 1-2.  Henry sought $1 million in compensatory damages, $10 million in punitive damages, and the appointment of a special prosecutor to report on public corruption by Cook County judges and other topics.  *Id.* at 11.

---

[2]  The Village Code is available at https://www.orlandpark.org/government/village-code.

Specifically, Henry alleged that the Village's action against him was meritless and designed to stop him from exposing public corruption. *Id.* at 5, 9-10. Henry also alleged that he filed a motion to dismiss the action, and that Judge Murphy, who was presiding over the case, failed to apply federal law when he denied that motion. *Id.* at 5. Judge Murphy, Henry alleged, later recused himself from the case after someone claiming to represent him contacted Henry and asked for a cash contribution to the Democratic Party of Cook County, while indicating that the contribution would help resolve the pending case. *Id.* at 6. In the meantime, the Supreme Court decided *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), which, Henry contended, required the dismissal of the Village's action. Doc. 1 at 6. Henry further alleged that Judge McHugh, who was assigned to the case after Judge Murphy, failed to apply federal law by not dismissing the Village's action and that the other defendants all failed to properly supervise Judges Murphy and McHugh and ensure that Illinois courts were following Supreme Court precedent. *Id.* at 1-2, 4-8.

Defendants moved to dismiss Henry's action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing, relevant here, that the district court should abstain from exercising jurisdiction over the action, any claim for monetary relief was barred by judicial immunity, and injunctive relief was unavailable under section 1983. Doc. 6. Henry filed a response, maintaining that the Village's complaint was deficient under the *Facebook* decision, the state court therefore lacked jurisdiction over the Village's claims, and judicial immunity did not apply. Doc. 7 at 2-3, 7-8. He also argued that immunity questions should not be resolved on a motion to dismiss. *Id.* at 4-7.

The district court granted defendants' motion, deciding that the *Younger* abstention doctrine applied, but then dismissing Henry's action for failure to state a claim. Doc. 10. On abstention, the court found that a judgment in Henry's favor would have interfered with the ongoing state court proceeding, and that *Younger* abstention was appropriate under *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), because the Village's public nuisance action was akin to a criminal proceeding and implicated important state interests. Doc. 10 at 7-9. Despite finding that *Younger* abstention applied, the court then concluded that Henry failed to state a claim on which relief may be granted and dismissed his action. *Id.* at 9-15. To that end, the court reasoned that judicial immunity barred any claim for monetary relief because Henry was challenging actions that defendants had taken in their judicial capacity, rejecting Henry's argument that the state court would have lost jurisdiction over the matter if it misapplied federal law. *Id.* at 9-14. The court also noted that a plaintiff may obtain an injunction against a judge under section 1983 only if the judge violated a declaratory decree or declaratory relief was unavailable, and that neither condition was present here. *Id.* at 14-15.

Henry appealed. Doc. 20.

# SUMMARY OF ARGUMENT

This court should affirm the dismissal of Henry's action because he failed to state a claim on which relief may be granted. At the outset, while the district court decided that the *Younger* abstention doctrine applied, it then proceeded to exercise jurisdiction over the case and dismiss Henry's action for failure to state a claim. A decision by this court affirming the dismissal of Henry's action therefore would not improperly enlarge the judgment in defendants' favor, even though the district court found that *Younger* abstention would have been appropriate.

The district court correctly dismissed Henry's claims because he could not obtain any of the relief he was seeking. As the court held, his requests for monetary relief were barred by judicial immunity because he challenged acts that defendants took in their judicial capacity. And injunctive relief was unavailable under section 1983 because Henry did not allege that defendants violated a declaratory decree or that declaratory relief was unavailable.

If this court reaches *Younger* abstention, it should uphold the district court's ruling that the doctrine applied because granting relief in Henry's favor would have interfered with the ongoing state public nuisance action. This court, however, should modify the judgment if it resolves the appeal on that basis because a district court should stay the federal proceeding, rather than dismiss, when, as here, the plaintiff seeks monetary relief.

**ARGUMENT**

**I.    This court reviews the dismissal of a plaintiff's action *de novo*.**

The district court will dismiss an action under Fed. R. Civ. P. 12(b)(1) when it lacks subject matter jurisdiction over the plaintiff's claims and under Fed. R. Civ. P. 12(b)(6) when the plaintiff failed to state a claim upon which relief may be granted. This court reviews the district court's dismissal of a claim under either rule *de novo*, while accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023). On *de novo* review, this court may affirm the district court on any basis that is supported by the record. *Dhakal v. Sessions*, 895 F.3d 532, 536 (7th Cir. 2018).

**II.   This court should affirm the dismissal of Henry's action for failure to state a claim even though the district court concluded that *Younger* abstention should apply.**

This court should affirm the dismissal of Henry's action for failure to state a claim because, although the district court determined that the *Younger* abstention doctrine applied, it did not, in fact, abstain from exercising jurisdiction over Henry's action but rather dismissed it for failure to state a claim. In the dismissal order, the district court concluded that "abstention under *Younger* is appropriate in this case," but it did not stay the proceedings or dismiss the action on that basis. Doc. 10 at 9. Instead, the court then considered defendants' arguments in favor of dismissing for failure to state a claim, agreed with them, and dismissed Henry's claims on those bases. *Id.* at 9-15; *see id.* at 14 (claim for monetary relief "falls within the scope of" judicial immunity and "must be dismissed"); *id.* at 15 ("claims for injunctive relief are also dismissed"). The dismissal order thus demonstrates that the district court

exercised jurisdiction over Henry's action, despite finding that *Younger* abstention was appropriate, and dismissed the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See id.* at 15 (denying request for change of venue as moot "[b]ased on the Court's dismissal under Rule 12(b)(6)").

Given that the district court did not abstain from exercising jurisdiction over the case, this court would not improperly enlarge the judgment in defendants' favor by affirming the dismissal of Henry's action for failure to state a claim. This court may not enlarge the appellee's rights on appeal by affirming the dismissal of an action for failure to state a claim, which is a dismissal with prejudice, when the district court dismissed for lack of subject matter jurisdiction, which is a dismissal without prejudice. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969-70 (7th Cir. 2016). But here, as explained, the district court exercised its jurisdiction over Henry's action despite deciding that abstention would have been proper. And the court had the ability to take that approach because unlike when a court lacks jurisdiction, and thus has no power to adjudicate the case, *see Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021), a court that abstains from exercising jurisdiction under one of the abstention doctrines declines to adjudicate a case that it otherwise has the power to decide, *see J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). By deciding that *Younger* abstention applied, the district court did not rule that it lacked the power to resolve Henry's claims, but only that declining to resolve the claims would be appropriate. This court should therefore affirm the dismissal of Henry's action for failure to state a claim because that was the basis for the district

court's dismissal of the case and doing so would not improperly enlarge the judgment in defendants' favor.[3]

## III. The district court correctly concluded that Henry failed to state a claim on which relief may be granted.

The district court properly dismissed Henry's action for failure to state a claim because he could not obtain any of the relief that he was seeking. As the court held, Henry's claim for monetary damages was barred by judicial immunity, and injunctive relief was unavailable under section 1983. *See* Doc. 10 at 9-15. Accordingly, this court should affirm the dismissal of Henry's claims.

### A. Henry's request for money damages was foreclosed by judicial immunity because he alleged that defendants acted unlawfully while performing their official judicial duties.

The doctrine of judicial immunity, which "has been embraced for centuries," applies to section 1983 actions and protects judges from claims challenging acts that were taken "in the judge's *judicial* capacity." *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (emphasis in original, internal quotations omitted). It provides "an immunity from suit," not just liability, and it "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *see Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017) (*per curiam*) ("judges are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation"). Judicial immunity exists "not for the

---

[3] In addition, affirming the dismissal for failure to state a claim would not violate the purpose of the *Younger* abstention doctrine, which is to prevent federal interference in certain state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). That is because the dismissal of Henry's federal action with prejudice had no effect on the state public nuisance action that was the reason for abstaining.

protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotations omitted). The immunity discourages collateral attacks on judicial acts, "thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1988).

Judicial immunity, however, does not apply when the defendant's challenged actions were nonjudicial and when the defendant acted "in the 'clear absence of all jurisdiction.'" *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). To decide if a judge's actions were judicial in nature, this court considers whether they served a function normally performed by a judge, whether the judge dealt with the parties in a judicial capacity, and whether the challenged acts involved discretion or judgment. *Id.* at 998. When that functional analysis reveals that the conduct was judicial in nature, the defendant "is entitled to absolute immunity from damages." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016).

Defendants were entitled to judicial immunity here because Henry challenged acts that they took in their judicial capacity. Specifically, Henry alleged that Judges Murphy and McHugh misapplied federal law when they failed to dismiss the Village's action against him and that the other defendants failed to ensure that Illinois judges were following Supreme Court precedent. Doc. 1 at 1-2, 4-8.

11

Deciding dispositive motions and applying precedent are judicial actions. *See Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022) (*per curiam*) (judicial immunity applied to claims based on allegedly erroneous rulings); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("[r]uling on a motion is a normal judicial function"). Indeed, judges frequently rule on motions to dismiss and apply precedent from a higher court, defendants' actions occurred in the context of a legal proceeding, and a judge exercises judgment when deciding if existing precedent requires that an action should be dismissed. Henry, in fact, did not argue, either in the district court or in his opening brief on appeal, *See* Doc. 7; AT Br., that defendants' challenged acts were nonjudicial, thereby forfeiting any such argument. *See Siddique v. Laliberte*, 972 F.3d 898, 905 (7th Cir. 2020) ("a party forfeits an argument not raised before the district court"); *Wonsey v. City of Chi.*, 940 F.3d 394, 399-400 (7th Cir. 2019) (same for arguments not raised in opening brief on appeal).

And to the extent Henry argues that defendants acted without jurisdiction because the Village's complaint was deficient under federal law, *see* AT Br. 17, he is incorrect. The scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge," *Stump*, 435 U.S. at 356, and judicial immunity will therefore apply "so long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction," *John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990). Illinois circuit courts are "courts of general jurisdiction," and are presumptively empowered to adjudicate all claims arising under state and federal law. *Blount v. Stroud*, 232 Ill. 2d 302, 328 (2009) (citing Ill. Const. art. VI, § 9); *see*

*Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334-35 (2002) (state constitution confers circuit courts with subject matter jurisdiction over all justiciable matters except for administrative review actions).

The Circuit Court of Cook County indisputably had subject matter jurisdiction over the Village's state and federal claims, which were brought pursuant to state and federal statutes, the Village Code, and state common law. *See* Doc. 1-1 at 5-11. Thus, even if defendants had failed to properly apply federal law, or ensure that federal law was followed, when adjudicating those claims, they were entitled to judicial immunity because the ultimate decision of whether to dismiss the Village's claims was within the circuit court's subject matter jurisdiction. The district court therefore correctly dismissed Henry's requests for monetary relief because they were barred by judicial immunity.

**B. Henry could not obtain injunctive relief under section 1983 because defendants did not violate a declaratory decree and declaratory relief was not unavailable.**

Judicial immunity did not originally bar "prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 542-43 (1984). But Congress amended section 1983 in 1996 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c); *see File v. Martin*, 33 F.4th 385, 391 (7th Cir.

2022) ("Congress abrogated *Pulliam*'s holding in 1996 by amending § 1983 to expressly bar such claims").

The district court correctly dismissed Henry's request for injunctive relief because he did not allege in his complaint that any defendant violated a declaratory decree or that declaratory relief was unavailable. *See* Doc. 10 at 14. Henry, in fact, did not present any argument to the contrary in his response to defendants' motion to dismiss or his opening brief on appeal, leaving this court with no reason to disturb the district court's ruling. *See Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023) (upholding dismissal of section 1983 claim for injunctive relief against state judge where plaintiff did not address declaratory relief in the complaint and waived the argument on appeal). In any event, the declaratory judgment statute is "liberally construed" by Illinois courts, *Alternate Fuels, Inc. v. Dir. of Ill. E.P.A.*, 215 Ill. 2d 219, 230 (2004), to resolve a dispute after it has arisen "but before steps are taken which give rise to claims for damages or other relief," *Beahringer v. Page*, 204 Ill. 2d 363, 372-73 (2003). This court should therefore affirm the dismissal of Henry's claim requesting injunctive relief because he has not shown that the prerequisites for such relief were met here.

## IV. The district court correctly concluded that the *Younger* abstention doctrine applied to Henry's action.

If this court reaches the issue of *Younger* abstention, it should uphold the district court's conclusion that abstention was appropriate here. But, in that case, this court should modify the district court's judgment from a dismissal to an order staying the federal proceeding because when *Younger* abstention applies to an action

where, as here, the plaintiff seeks monetary relief, a court should stay the federal action rather than dismiss it. *See J.B.*, 997 F.3d at 724-25 (stay is proper "because the plaintiff cannot obtain money damages as part of the ongoing state court action").

The *Younger* abstention doctrine is rooted in traditional principles of equity, comity, and federalism, and directs federal courts to refrain from exercising jurisdiction over an action when granting relief would interfere with certain state proceedings. *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). While it originated as a restraint on federal jurisdiction over claims seeking to interfere with ongoing state criminal proceedings, the doctrine has been extended to reach some civil proceedings as well. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010).

Relevant here, the Supreme Court held in *Huffman*, 420 U.S. at 604, that the *Younger* abstention doctrine applied to a federal constitutional action that would have interfered with an ongoing state public nuisance proceeding. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (noting that *Huffman* applied *Younger* to nuisance abatement proceeding). The Court explained that *Younger* abstention was appropriate because the public nuisance action was akin to a criminal proceeding and implicated important state interests, thus triggering the same federalism and comity considerations that warranted abstention in the criminal context. *Huffman*, 420 U.S. at 604, 607.

The district court correctly determined that *Younger* abstention applied here because, as in *Huffman*, granting relief in Henry's favor would have interfered with

an ongoing state public nuisance proceeding.  *See* Doc. 10 at 7-8.  While the Village

alleged a violation of the Village Code in the state action, the Village was exercising

authority that was conferred upon it by state statute to "define, prevent, and abate

nuisances" when it pursued the public nuisance claim.  65 ILCS 5/11-60-2; s*ee* Doc. 1-

1 at 5-6.  The public nuisance actions in both cases therefore invoked a state statute

in response to conduct that allegedly affected public health, welfare, and safety and

"offend[ed] the public morals or decency."  Doc. 1-1 at 6; *see Huffman*, 420 U.S. at

595-96 (sheriff and prosecuting attorney invoked Ohio public nuisance statute to

prevent exhibition of obscene films); *see also Herrera v. City of Palmdale*, 918 F.3d

1037, 1045 (9th Cir. 2019) (*Younger* abstention applied to state nuisance enforcement

action by municipality for violations of state and local laws).  The Village's public

nuisance claim against Henry thus mirrors the public nuisance claim in *Huffman* and

implicated the same federalism and comity principles that warranted abstention

there.  *See Huffman*, 420 U.S. at 607 (abstention was justified by "considerations of

comity and federalism" when action would interfere with state public nuisance

proceeding); *Younger*, 401 U.S. at 44 (abstention furthers "vital" considerations of

federalism and comity).

On appeal, Henry primarily argues that the Village's claims against him were

meritless and brought for the purpose of covering up illegal activity.  *See, e.g.*, AT Br.

9-12, 15-20.  To the extent Henry is suggesting that this case falls within the bad-

faith exception to the *Younger* abstention doctrine, he is incorrect.

Under the bad-faith exception, a federal court need not abstain from interfering with a state proceeding if that proceeding was "'motivated by a desire to harass or is conducted in bad faith.'" *Pincham v. Ill. Jud. Inquiry Bd.*, 872 F.2d 1341, 1349 (7th Cir. 1989) (quoting *Huffman*, 420 U.S. at 611). The exception is a "narrow" one, *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 818 (7th Cir. 2014), and it applies only when the plaintiff "allege[s] specific facts to support an inference of bad faith," *Collins v. Kendall Cnty.*, 807 F.2d 95, 98 (7th Cir. 1986); *accord Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999) (plaintiff asserting bad-faith exception "must present more than mere allegations and conclusions").

To begin, Henry forfeited any argument that the bad-faith exception applied by not raising it in response to defendants' motion to dismiss. *See* Doc. 7; *Siddique*, 972 F.3d at 905. Henry, moreover, failed to allege specific facts to support an inference of bad faith in his complaint, instead relying on conclusory assertions that the Village's claims were "fabricated" and amounted to a "fraud on the court" because they were legally deficient. *See* Doc. 1 at 5, 7, 9-10. Even if his allegation that someone solicited a bribe on Judge Murphy's behalf could support an inference that the state action was conducted in bad faith for a time, his allegation that Judge Murphy had recused before he filed the federal complaint negated any inference of ongoing bad faith during the federal action. *See id.* at 6. And while Henry included numerous allegations about illegal conduct by several individuals in his opening brief on appeal, *see* AT Br. 9-12, those allegations fail to connect that conduct to the state

action or demonstrate that the state action was designed as a cover-up. Regardless, a plaintiff may not raise new factual allegations on appeal when they relate to an issue that was not presented to the district court, *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006), and, as stated, Henry did not argue that the bad-faith exception applied to this case in his response to defendants' motion to dismiss, forfeiting the issue for purposes of appeal, *see* Doc. 7.[4]

On appeal, Henry also contends that the state legislature effectively admitted that state judges are incompetent and corrupt by enacting P.A. 103-0005 (eff. June 6, 2023), which directs that certain constitutional claims must be brought in the circuit court of either Sangamon or Cook County. AT Br. 3-5, 7. But this statute, which was enacted in response to an increase in duplicative constitutional actions that were simultaneously litigated in multiple counties, merely governs the appropriate venue for certain claims against the State, consistent with other venue-defining statutes, *see* P.A. 103-0005; *see also* 625 ILCS 5/18c-2401(1) (venue proper only in Sangamon or Cook County for case arising under Illinois Vehicle Code); 205 ILCS 5/48(10) (same for case under Illinois Banking Act); 205 ILCS 620/5-8 (same for case under Corporate Fiduciary Act). The law thus does not undermine the federal judiciary's

---

[4] Henry also maintains that the district court erred by not allowing him to file an amended complaint in which he would have provided more detail about the purported corruption and cover-up. AT Br. 12, 27. Henry, however, has forfeited that issue on appeal by not presenting any supporting argument in his opening brief, *see Schiedler v. Indiana*, 914 F.3d 535, 545 (7th Cir. 2019) ("insufficiently developed issues and arguments" are forfeited). In any event, Henry sought leave to amend his complaint to add allegations about Judge Murphy's supposed misapplication of federal law, not any cover-up. *See* Docs. 17, 17-1.

respect for state judicial processes at the core of *Younger* abstention. *See Younger*, 401 U.S. at 44 (identifying "underlying reason" for abstention as "proper respect for state functions").

And to the extent Henry is arguing that *Younger* abstention should not apply because he will suffer injury by having to participate in discovery and defend against the state action if a federal court does not intervene, *see* AT Br. 14, the Supreme Court rejected that same argument in *Younger*. The Court explained that certain types of injuries, like "the cost, anxiety, and inconvenience" of having to defend against a state action, are insufficient to overcome abstention. *Younger*, 401 U.S. at 46. Consequently, the district court's conclusion that *Younger* abstention was appropriate was correct.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees ask this court to affirm the district court's judgment or, in the alternative, uphold the district court's ruling that *Younger* abstention was appropriate, while altering the judgment to stay the federal proceeding rather than dismiss the case.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-3312

/s/ Frank H. Bieszczat
**FRANK H. BIESZCZAT**
Assistant Attorney General
115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov

Attorneys for Defendants-Appellees

January 2, 2024

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

I hereby certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Circuit Rule 32 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 365, in 12-point Century Schoolbook BT font, and complies with Federal Rule of Appellate Procedure 32(a)(7)(A) in that the brief contains 5,150 words.

/s/ Frank H. Bieszczat
**FRANK H. BIESZCZAT**
Assistant Attorney General
115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on January 2, 2024, I electronically filed the foregoing Brief of Defendants-Appellees with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participant in this case, named below, is not a CM/ECF user and has designated a preference to be served through the mail. He was served by placing a copy of the motion in an envelope bearing proper prepaid postage and directed to the address indicated below and depositing the envelope in the United States mail at 115 South LaSalle Street, Chicago, Illinois, 60601, before 5:00 p.m. on January 2, 2024.

Michael F. Henry
13233 Bundoran Court
Orland Park, IL 60462

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
115 South LaSalle Street
23rd Floor
Chicago, Illinois 60603
(312) 814-2090 (office)
(773) 590-7075 (cell)
Frank.Bieszczat@ilag.gov