23-2408

IN THE UNITED STATES COURT OF APPEALS FOR THE
SEVENTH CIRCUIT
DOCKET NUMBER **23 CV 003239-CRL-KLM**

---

MICHAEL F. HENRY,

Plaintiff-Appellant

v.

Mary Ellen Coughlan Et Al

Defendant-Appellee

---

On Appeal from the United States District Court
For the CENTRAL DISTRICT OF ILLINOIS
Docket Number
**23 CV 03239**

---

REPLY BRIEF OF APPELLANT MICHAEL F. HENRY

Michael F. Henry
13233 Bundoran Ct
Orland Park, Illinois 60462
Telephone 708-446-4416

U.S.C.A. – 7th Circuit
RECEIVED

JAN 17 2024  5

IN THE UNITED STATES COURT OF APPEALS FOR THE

SEVENTH CIRCUIT DOCKET
NUMBER 23- cv- 03239

---

MICHAEL F. HENRY,

Plaintiff-Appellant

v.

MARY ELLEN COUGHLAN
Et Al

Defendant-Appellee

---

On Appeal from the United States District Court
for the CENTRAL DISTRICT OF ILLINOIS
Docket Number
22 CV 03239

---

REPLY BRIEF OF APPELLANT MICHAEL F. HENRY

Michael F. Henry
13233 Bundoran Ct
Orland Park, Illinois 60462
Telephone 708-446-4416

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ……………………………… 1

ARGUMENT AND THE LAW…………………………. 2

THE NEWLY DISCOVERED EVIDENCE – ……………. 13


CERTIFICATION OF COMPLIANCE RULE 32(a)(7)……….17

CERTIFICATE OF SERVICE………………….. ………….. 18

# INDEX OF AUTHORITIES

## <u>UNITED  STATES  CONSTITUTION</u>

4th Procedural and Substantive Due Process……………………………………………6

## <u>ILLINOIS LAW</u>

2-1401.1.  ……………………………………………………………………  3,14

## <u>US CODE</u>

42 U.S.C. 1983  ……………………………………………………………  4,13

## <u>CASES</u>

2020 M5 00698 the Village Vs Michale Henry et al.…………………………  12, 15

No. 20-cv-03528 " Vill. of Orland Park v. Pritzker, 475 F. Supp. 3d 866,
(N.D. Ill. 2020)  …………………………………………………………  11

20 L 004136 Joeseph LaMargo Vs Orland Park et al.  …………………………  7,11

Village of Orland Park Municipal Code……………………………..  8,11

# ARGUMENT

The Defendants through its Attorneys continue to Claim
Immunity based on Judicial Privilege.

The Defendants claim that the case should be dismissed because of
their Immunity.

The Defendant can not exert Judicial Immunity if they have no
Jurisdiction. Newly Discovered evidence will clearly show that
Howard Jablecki, and the Firm of Klein Thorpe and Jenkins had
no legal authority or Authorization to file this suit and, in all
likelihood, bribed Murphy.

The Village of Orland Park with its Mayor Keith Pekau has
flooded the Court system with Bogus lawsuits – SUING THE
State and anyone else who does not do what Pekau Wants.

The Defendants Chose to Ignore the Due Process and Equal
Protection Clause of the United States Constitution.

The District Court Failed Miserably in its duties to protect the
Constitution.

The State Defendant responded for 29 Pages that The District
Court Judge Accepted Jurisdiction and then Dismissed this case
for Henrys Improper pleading.


The State of Illinois and the Defendants ignore the fact that once
the Motion was filed by Henry to dismiss the case Judge Murphy
was put on Notice that Jurisdiction was in question, the lawsuit
filed in State Court did not meet Federal Guidelines. Illinois
Law is Crystal Clear Judge Murphy was required by law in
December of 2020 to issue a ruling dealing with Jurisdiction and
failed to do so.

**This action Voids all Illinois Courts Jurisdiction.**

2-1401.1.
Any motion objecting to the court's
jurisdiction over the party's person as set
forth in subsection (a) shall be filed
within 60 days of the court's order
disposing of the initial motion filed under
Section 2-1301, 2-1401, or 2-1401.1. Nothing
in this subsection precludes a party from
filing a motion under subsection (a)
combined with a motion under Section 2-1301,
2-1401, or 2-1401.1. If such a combined
motion is filed, any objection to the
court's jurisdiction over the party's person
is not waived.
    (b) In disposing of a motion objecting
to the court's jurisdiction over the person
of the objecting party, the court shall
consider all matters apparent from the
papers on file in the case, affidavits
submitted by any party, and any evidence
adduced upon contested issues of fact. The
court shall enter an appropriate order
sustaining or overruling the objection. No
determination of any issue of fact in
connection with the objection is a
determination of the merits of the case or
any aspect thereof. A decision adverse to
the objector does not preclude the objector
from making any motion or defense which he
or she might otherwise have made.

**The Defendants can not claim Jurisdiction of the Illinois Court
when the Judges failed to review the Motion to dismiss based on
lack of Jurisdiction and File the appropriate Court Order.**

The District Court refused to let Plaintiff Henry file an Amended complaint that would have detailed the Solicitation of a Bribe to fix a Case by Judge Murphy,

The District Court refused to let the Plaintiff Henry file an Amended Complaint that would have added the Village of Orland Park and its Attorney Howard Jablecki for 42 U.S.C. 1983 violations while acting under Color of State Law, they filed a fabricated deficient Federal Statue Lawsuit in State Court that failed to State a Legal Claim. The are trying to illegally seize documents without any legal authority on a fishing expedition.

The District Court refused to allow for the fact that Judge Murphy Solicited a Bribe and Howard Jablecki did pay the bribe that caused this illegal suit to Move Forward.

Henry is in fact entitled under Federal Law to seek an Injunction against the Village of Orland Park for its violation of Federal Law and ignoring over 3000 Federal Court Cases. Had the District Court allowed the amended complaint it would not have been able To dismiss the case as a Matter of Law.

The underlying Cook County Court received an Immediate Motion to dismissed in the Fall of 2020 before any answer was filed for Failure of the Village of Orland Park to Properly Plead a claim under Federal TCPA Law.

The Cook County Court refused to issue any ruling on the Motion in Violation of the Due Process Clause of the United States Constitution.

The Cook County Court cannot take Jurisdiction over a Federal Claim that does not follow Federal Pleading Guidelines. The Equal Protection clause prevents the State of Illinois from Ignoring over 3000 Federal Court Rulings detailing the Pleading Requirement's to establish a robocall lawsuit.

The Underlying lawsuit failed to State a Date, Time, Number called, Number that made the Call. The Underlying lawsuit claimed that if Defendant Henry didn't Make the Call, then he should know who did.

The State of Illinois Attorneys now claim's the Cook County Court had Jurisdiction over the Case and Judicial Immunity is attached.

The State of Illinois Claims that Judicial Immunity stands even though the pleadings do not State a Claim that would establish ongoing Jurisdiction.

Judicial Immunity only occurs when the Court has clear authority to adjudicate a case

The State of Illinois and its Attorney claim the Judges acted in compliance with the law.

The State of Illinois wants this Federal Court to dismiss the case because of the perceived immunity.

The Defendants can not continue to make claims they are acting in Judicial Capacity and have immunity when they get knowledge that they do not have Jurisdiction.

A government entity Orland Park can not bribe a State Court Judge to establish Jurisdiction as it did with Judge Murphy.

The Facts are simple – Prior to anything in the underlying suit Henry filed a proper Motion to dismiss in the Case detailing the failure of the Village of Orland Park to plead anything that remotely follows federal Pleading Guidelines.

Once Judge Murphy ascertained this knowledge his Judicial immunity was in question, he had a Judicial Duty to become Lazer focused and he had to rule on the dismissal or give a ruling

and site case law and Judicial Rulings that would allow him to continue Jurisdiction that would provide him Judicial Immunity

Judge Murphy ignored this and has his agents solicited a bribe to kick the case from Henry. And under information and belief the same agents contacted Howard Jablecki and the Village of Orland Park, who then did arrange a cash Donation to Murphy and the Cook Couty Democratic Party.

The Moment this bribe was paid Judicial Immunity was voided and Murphy became liable for his Illegal activities.

Murphy transferred the Case to Judge Mc Hugh who was then told a second time that she did not have Jurisdiction and McHugh was further given Supreme Court Rulings that Clearly showed her that the case was not properly plead and did not meet the pleading requirements under Federal Law.

So, to Recap, Murphy took a bribe, refused to rule and passed the Case to McHugh.

McHugh failed to review all the filings and docket, was drunk on the bench and failed to follow Supreme Court Rulings.

Due process is not a joke under Federal Law. Taking a bribe to fix a case means that every Subsequent Ruling from the Time the Bribe Occurred as not part of any Judicial Duties.

In fact, the Cook County Court Docket details the issues and lack of Rulings.

The State of Illinois and the Judges claim that taking a bribe and not ruling are part of their Judicial Duties and they are entitled to absolute immunity.

The State of Illinois claims that Plaintiff Henry waived his rights for an amended Complaint and that is whole heartly wrong.

The District Court knew issues were out there and if it had allowed a simple filing then all of its rulings would have been voided.

The Court Docket #17 Shows that Henry did in fact ask to be allowed to file an amended complaint that would have cleared up any Issues, it would have added the Village of Orland Park and its Mayor Keith Pekau to the suit and would have detailed the illegal bribe paid and the illegal Hiring of Howard Jablecki to even File this case.

Pekau and the Board Violated Village code when it even Hired Jablecki and Klein Thorpe and Jenkins.

The district court did not even ask to see the amended complaint and instead just issued its dismissal.

On July 12, 2023 it made the following ruling

#17 requests an opportunity to supplement the record with additional support for his claim that Judge Murphy was biased and did not correctly apply federal law. Leave to amend pleadings generally should be liberally granted; however, leave to amend should be denied if amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Scheurich v. Champaign Cty Sheriff's Office, 2017 U.S. Dist. LEXIS 194376. In the similar case of Geier v. Missouri Ethics Commission, 715 F.3d 674, 678 (8th Cir. 2013), the District Court dismissed the entire action based on the Younger abstention doctrine. Four days later, the Plaintiff filed a motion to amend its complaint. Id. The Eighth Circuit affirmed the decision, noting that because the entire case had been dismissed before the plaintiff moved to amend, granting leave to amend would have been improper. Id., citing Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam). The Eighth Circuit went on to state that even if the action had not been completely dismissed, the amendment would have been futile, so the dismissal was proper. Id. Similarly, in the instant case, the original complaint was dismissed with prejudice and the proposed amended complaint does not seek to address any concerns relating to the Younger abstention doctrine

**or the applicability of judicial immunity. Thus, the proposed amendments to the complaint would be futile. Therefore, the Motion to File an Amended Complaint 17 is DENIED.**

The Facts and the Record are simple - the Court did not ask to see the amended complaint yet it claimed it was futile.

## In addition, the Plaintiff is in the Position of Newly discovered evidence that the law firm who filed this suit was not acting on any Legal Authority of the Village to even file the suit as it has not been Properly Hired and this entire underlying suit was illegally filed based on Bribes and Kickbacks.

The Newly Discovered evidence

1. At the instruction of Keith Pekau, George Koczwara and Cindy Katsenes the Village has illegally paid in excess 3.9 million dollars in Legal fees to the Firm of Klein Thorpe and Jenkins while receiving political donations as kickbacks for Violating the law.

2. In Cook County Court 20 L – 004136 – The Village of Orland Park Sued former Village Manager Joe La Margo for breach of his fiduciary duties and illegally hiring the Firm of Jones Day.

   The Cook County Court issued a summary Judgement in This Case as follows

Regardless of the application of the various immunities discussed above, to the extent that La Margo has shown that either Healy or La Margo stated to any third person that La Margo had violated an ordinance and exceeded his authority to authorize the Village to make payments in excess of $20,000.00 by allowing Jones Day to perform legal services in connection with the bidding process investigation, those statements are not actionable because the statements were true. There is no genuine issue of material fact that La Margo was not authorized to engage a law firm, Jones Day, to perform work in excess of $20,000.00 in charges.

3. La Margo was hired as the Village Manager of Orland Park in April of 2017.

4. **The Village of Orland Park was represented by the Firm of Klein Thorpe and Jenkins and La Margo also hired them while he was Village Manager.**

5. **After La Margo quit his post, the Village had Several interim Village Managers George Koczwara was hired by the Village and he continued to hire the Firm of Klein Thorpe and Jenkins based on the Instructions of Keith Pekau whose campaign funds received 21500 dollars of "campaign Payments to Violate the Village Code.**

6. **The Village Code is Specific and La Margo, and Koczwara had no Authority to hire the Law Firm of Klein Thorpe and Jenkins and this was done because Pekau and the Village Board were bribed with Campaign Donations.**

7. **The Village Code Details that the Board has no Authority to hire Attorneys.**

   **The Village Manager has to procure an agreement and then bring the Agreement to the Board - see the Village Code**

## Chapter 1-16. Procurement

### § 1-16-9. Legal Services.

[Ord. 5499, 3-21-2020; amended by Ord, 5555, 5-4-2020]
The following procedures and requirements shall apply to any contracts for legal services

A. Only the Village Manager, or his/her designee, is authorized to secure legal services. Any department head that desires su
   services shall submit a request to the Procurement Officer for those legal services.

B. The Procurement Officer will make a recommendation to the Village Manager, who may determine to enter into an agreement
   services so long as funding is available in the current fiscal year budget.

8. **The Village Manager is required by Code to receive a written agreement of Legal Services.**

9. By separate Village Code the Village Manager Must get Board Approval of any contracts over 20 thousand Dollars.

10. The Village of Orland Park has answered FOIA'S where the Village of Orland Park admits it has never had a fee or engagement agreement with Klein Thorpe and Jenkins for the last 5 years

11. The Village of Orland Park paid Klein Thorpe and Jenkins since the Day La Margo was appointed Village Manager the Following

   •

   2017  579,772.75    2018  598,714.04    2019  732,541.18

   2020  816,668.09    2021  776,803.80

12. The Village's Main Attorney Dennis Walsh and Managing Partner of Klein Thorpe and Jenkins was aware of his firms' illegal activities and caused the Village to Bribe Pekau, Katsenes and the People over Politics Party with Cash and for Pekau Consulting agreements.

13. According to the Federal Election Commission Pekau for Congress received 6 Donations from Dennis Walsh continuing the bribes.

14. According to the State Board of Elections Pekau Received $21,500.00 From Klein Thorpe and Jenkins. Further Pekau with the Help of Dennis Walsh did collect 125 thousand dollars from Horton group, the Villages insurance Provider. Walsh helped Pekau Launder this payment Through Pekaus Fahrenheit Consulting Company

15. According to the State Board of Elections Pekau then Transferred 10 thousand dollars of these Illegal Campaign Contributions to his Political party People over Politics.

16. According to the State Board of Elections Cindy Katsenes received 4 thousand Dollars from Klein Thorpe and Jenkins.

17. **The Court record is specific. Klein Thorpe and Jenkins and the Village of Orland Park were aware that no legal agreement was authorized by the Board.**

18. **This knowledge that they are not hired to perform work for the Village in Accordance with the law would all be covered in the proposed amended Complaint.**

   **What is clear is the entire underlying lawsuit was illegally filed and Violated the Village of Orland Parks Code.**

The 7th Circuit should do the simple task of Reversing the dismissal and order the district court to allow the amended complaint and review the evidence that the Cook County Court had no jurisdiction on the case because the law Firm lied to the Court and Violated Illinois Law by filing this lawsuit when it knew it was not retained or hired by Orland Park for any Legal services.

What is clear is the 7th Circuit is faced with the disturbing fact that 3.9 million Dollars of Taxpayers Money have been illegal spent without legal Authority.

Here is the Villages admission of all of these Facts after the Following FOIA

**Subject:** Non-Commercial Open Records Request :: N015581-092923
**Body:**
RE: PUBLIC RECORDS REQUEST of September 29, 2023, Reference # N015581-092923

Dear Michael,

Thank you for submitting your public information request to the Village of Orland Park on September 29, 2023. Your request mentioned:

*You failed to supply these documents from a previous Foia Request*

*Pursuant to Chapter 1-16 of the Orland Park Village code please provide all emails and documentation supplied by all legal teams prior to preparing the budgets and all estimates of the cost of any lawsuit prior to starting litigation, Or answering litigation . Include the cost estimates and all financial analysis performed by the Village Manager, Procurement officer and Finance director before giving the authorization to file case 2020 M5 00698 the Village Vs Michale Henry et al.*
*No. 20-cv-03528 " Vill. of Orland Park v. Pritzker, 475 F. Supp. 3d 866, (N.D. Ill. 2020) 20 L 004136 Joeseph LaMargo Vs Orland Park et al.*

*Include all meeting minutes detailing the modification of the budgets and the notices required by law Prior to the start of the suit.*

*Chapter 1-16 Procurement*

*The following procedures and requirements shall apply to any contracts for legal services.*
*A. Only the Village Manager, or his/her designee, is authorized to secure legal services. Any department head that desires such legal services shall submit a request to the Procurement Officer for those legal services.*

*B. The Procurement Officer will make a recommendation to the Village Manager, who may determine to enter into an agreement for legal services so long as funding is available in the current fiscal year budget.*


*We have reviewed our files and have determined that no records from the Village of Orland Park correspond to your request at this time.*

*If you have any questions or wish to offer further clarification on your request, please contact my office at 708-403-6150.*

*Sincerely,*
*Alexandra Snodsmith*

**The 7th Circuit is now faced with the Fact that if Plaintiff Henry had been allowed to amend his complaint as he asked in Docket 17 he would be able to State a Cause of action against the Judges for Being Bribed.**

In addition, he would have a Valid damage claim for Violation of 42
U.S.C. 1983 by the Village of Orland Park and its Attorneys for lying to
the Courts, illegally filing lawsuits and Bribery and Kickbacks.

The Firm of Klein Thorpe and Jenkins has bribed Keith Pekau and
Orland Park officials for legal fees and services it was never authorized
to perform.

The Newly discovered evidence that Occurred on October 13, 2023
could not have been brought up in this appeal as it didn't exist until
after Henry Filed his Appellant Brief with the Court.

Henry asks that this Court recognize that the Cook County Court
System can not exert Jurisdiction on the Underlying case as the Firm
who filed it had no legal authority to act on Behalf of the Village of
Orland Park in any Official Capacity.

What is clear is the underlying case was illegally filed. And this alone
deprives the Cook County Court of Jurisdiction.

The Plaintiff prays this Court Reverses and remands this case to the
District Court so parties can be added to the suit and an amended
Complaint get reviewed by the Court

Second the Plaintiff prays that this Court Directs the District Court
issue an Order against the State of Illinois and the Cook County Court
system to dismiss the Illegally filed suit with Prejudice and issue an
Order that the suit in question was illegally filed by Howard Jablecki
and Klein Thorpe and Jenkins.

## The Newly Discovered Evidence Issue –

The Plaintiff Prays that this Court notifies the Federal Bureau of
Investigation and the United States Attorneys office of the newly
discovered evidence.

The Village of Orland Park receives funding from State, local and Federal Sources. It has somehow spent 3.9 million of these dollars to Klein Thorpe and Jenkins who used some of the Proceeds of this illegal Billing to pay a Bribe to Judge Murphy and Judge McHugh, Kickbacks to Kieth Pekau, Cindy Katsenes and William Healy.

## RELIEF SOUGHT

The taxpayers have a right to honest services and a RICO complaint can be added to the amended complaint based on the admissions that no Fee agreement, No Retainer agreement or any document showing that the Village Hired Howard Jablecki or the firm of Klein Thorpe and Jenkins for any services.

The US Taxpayers are entitled to find out how Federal Tax Dollars paid to the Village of Orland Park ended up in the Pockets of Judges and Mayor and Elected officials.

Does the 7th Circuit care that lawsuits are being filed without any legal authority? What is clear is the level of Corruption in Orland Park and it's Law firm is massive.

This Court has a duty to get to the bottom of millions of dollars of Illegal Invoices paid by taxpayers in Orland Park while its elected officials are receiving cash donations and consulting contracts.

The Court has a duty to ensure the taxpayer dollars are recovered and, in all likelihood, a Legal Malpractice and Fraud Lawsuit should be filed by the Village naming Klein Thorpe and Jenkins, Dennis Walsh and Howard Jablecki with Legal Malpractice and Bill fraud.

The Court can not be dense and ignore the Taxpayers rights nor can this court expect the Mayor and his Trustees to protect the Village and Taxpayers when they themselves received kickbacks and payments.

Let's Recap who has been Bribed - Judge Murphy and Judge McHugh, Keith Pekau, Cindy Katsenes and William Healy.

3.9 million dollars has been paid to the law firm of Klein Thorpe and Jenkins even though they have never been hired or retained as required under Federal, State Bid and Procurement laws And Municipal Code of Orland Park.

This Court ask how deep can the Corruption be in Orland Park, Well the court certainly can not expect the Village Elected Officials in Orland Park to Protect the Taxpayers of the United States.

Second this court in its infinite wisdom can attempt to rationalize the Conduct of the Elected Officials Because the Village of Orland Park has a managerial form of Government. And the Village has its own Village Attorney who should be monitoring all of the Contracts and Payments as part of the Duties to the Taxpayer and Village.

But wait the Villages Law firm Klein Thorpe and Jenkins has made itself the Village of Orland Parks Attorney – In Fact Dennis Walsh the Managing partner of Klein Thorpe and Jenkins is Somehow supposedly the Village of Orland Parks Attorney from the KTJ webpage

*Dennis Walsh has over 34 years of experience in representing public bodies including counties, municipalities, local libraries and library districts, park districts, school districts, fire protection districts, townships, Metra and intergovernmental cooperative agencies in all areas of practice. He is currently the Village Attorney for the Village of Orland Park.*

The State of Illinois and the Defendants ignore the fact that once the Motion was filed by Henry to dismiss the case based on the Court Lacking Jurisdiction Judge Murphy was put on Notice that Jurisdiction was in question, the lawsuit filed in State Court did not meet Federal Guidelines. Illinois Law is Crystal Clear Judge Murphy was required by law in December of 2020 to issue a ruling dealing with Jurisdiction and failed to do so.

**This action Voids all Illinois Courts Jurisdiction.**

*2-1401.1.*
*Any motion objecting to the court's jurisdiction*
*over the party's person as set forth in subsection*
*(a) shall be filed within 60 days of the court's*
*order disposing of the initial motion filed under*
*Section 2-1301, 2-1401, or 2-1401.1. Nothing in this*
*subsection precludes a party from filing a motion*
*under subsection (a) combined with a motion under*
*Section 2-1301, 2-1401, or 2-1401.1. If such a*
*combined motion is filed, any objection to the*
*court's jurisdiction over the party's person is not*
*waived.*
*(b) In disposing of a motion objecting to the*
*court's jurisdiction over the person of the*
*objecting party, the court shall consider all*
*matters apparent from the papers on file in the*
*case, affidavits submitted by any party, and any*
*evidence adduced upon contested issues of fact. The*
*court shall enter an appropriate order sustaining or*
*overruling the objection. No determination of any*
*issue of fact in connection with the objection is a*
*determination of the merits of the case or any*
*aspect thereof. A decision adverse to the objector*
*does not preclude the objector from making any*
*motion or defense which he or she might otherwise*
*have made.*

**The Defendants cannot claim Jurisdiction of the Illinois Court**
**when the Judges failed to review the Motion to dismiss based on**
**lack of Jurisdiction and File the appropriate Court Order.**

The State of Illinois Defendants and Judges along with its Attorney have
chosen to lie to this Court and Claim Jurisdiction when it knows Full well
the Court Docket in Case 2020 M5 00698 clearly shows a proper Motion
was filed to challenge jurisdiction in Judge Murphys Court – Murphy
ignored the law and failed to issue the lawfully required ruling.

Respectfully Submitted
__/Michael Henry/_____
Michael F. Henry
13233 Bundoran Court
Orland Park, Illinois 60462

# CERTIFICATE OF COMPLIANCE WITH
# F.R.A.P. RULE 32(a)(7), F.R.A.P. 32(g), CR 32(c)

The undersigned, counsel of record for the Plaintiff-Appellant, Jane

Doe, furnishes the following in compliance with F.R.A.P Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in

F.R.A.P Rule 32(a)(7) for a brief produced with a proportionally spaced

font.

The length of this brief is 4053 words.

Dated __1/18/2024__.


__/Michael Henry/_____
Michael F. Henry
13233 Bundoran Court
Orland Park, Illinois 60462
Michaelfhenry@live.com

## PROOF OF SERVICE

The undersigned, counsel for the Plaintiff-Appellant, Jane Doe, hereby
certifies that on   January 18, 2024 two copies of the Appellant's Reply Brief
and a digital version containing the brief, were delivered by US Mail and ECF
to counsel for the Defendant-Appellee, John Doe.


Dated     1/18/2024            .



    __/Michael Henry/_____
    Michael F. Henry
    13233 Bundoran Court
    Orland Park, Illinois 60462
    Michaelfhenry@live.com